SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

June 5, 2014

**BY ECF AND HAND DELIVERY**
Hon. William H. Pauley III
United States District Judge
500 Pearl Street, Room 2210
New York, NY 10007

RE: NewLead Holdings Ltd., vs. Ironridge Global IV Ltd., No. 14 CV-03945 (WHP)

Dear Judge Pauley:

On behalf of Respondent Ironridge Global IV Ltd. ("Ironridge") in the above-captioned action, we respectfully write to request an immediate conference so that the Court can lift the limited temporary restraining order ("TRO") issued on June 3, 2014, in light of Ironridge's offer this morning to Petitioner New Lead Holdings Ltd. ("NewLead") to accept cash instead of shares in full satisfaction of Ironridge's conversion notices dated April 10, 2014 and April 17, 2014 (collectively, the "April Conversion Notices"). In the alternative, Ironridge respectfully requests that the Court clarify that the TRO does not apply to a new conversion notice issued by Ironridge following the June 3 conference (the "June 3 Conversion Notice," attached as Exhibit A), which NewLead has refused to honor.

During the June 3rd conference, counsel for NewLead argued that, pursuant to Section I.C of the Certificate of Designations (the "Certificate"), NewLead should be allowed to change its election to issue common shares in response to the April Conversion Notices to an election to pay cash instead. In response to the Court's inquiry as to why NewLead has not paid any such cash to Ironridge, counsel stated that NewLead was not prepared to pay until Ironridge stopped receiving shares:

> THE COURT: Where is the cash?
> MR. DE PALMA: I'm sorry?
> THE COURT: Where is the cash?
> MR. DE PALMA: Well, they've not stopped getting shares, Judge. They got shares last week. They've taken shares when we said we would give them cash. They're not getting both. I need you to enjoin

> them -- it's an abuse of the letter. So it does not say -- they showed you a paragraph that said, you know, the covenant to issue shares is independent. Well, it's independent except, if there's no shares due and owing, your Honor. If instead a cash election is made, you can't say, you have an independent obligation to give me shares, when you've elected to pay cash. It makes no sense.

(Tr. at 32-33 (emphasis added).)

Following these representations, the Court granted "a limited temporary restraining order that simply enjoins the issuance of common stock to satisfy the embedded liability for a dividends claim between now and Monday," but declined Petitioner's request to "enjoin the conversion of preference shares to common shares." (Tr. at 35.) In granting this limited TRO, the Court stated that it was "particularly interested for the evidentiary hearing that the parties address the personal jurisdiction question and the issue of whether, having made an election to tender common shares and not cash, whether the petitioner has the authority and ability to change that election, after having made it, in April." (*Id.* (emphasis added).)

This morning, Ironridge mooted that issue by informing NewLead that it will agree to permit NewLead to change its election and pay cash instead of tendering common shares in full satisfaction of the April Conversion Notices. In its email response (attached as Exhibit B), NewLead stated that it is willing to accept Ironridge's offer "but NewLead is not willing to make any such payment to Ironridge at this time." Thus, NewLead has confirmed that, in addition to refusing to issue shares, it has no intention of paying any cash to Ironridge either – in direct contravention of the representations it made to the Court.

Putting aside the fact that NewLead's conversion obligations are an independent covenant that cannot be affected by any alleged breach of the Agreement (*see* Share Subscription Agreement at Section IV.L), the dispute now is entirely over whether NewLead has the obligation to pay *cash* – not tender shares – to Ironridge, as NewLead concedes in Exhibit B. Thus, Plaintiff's claim that it may suffer irreparable harm if it is forced to continue to issue shares is moot and this all-cash dispute, which the parties agree must be decided by the arbitrator, cannot possibly justify an injunction in aid of arbitration. *Ford v. Reynolds*, 316 F.3d 351, 355 (2d Cir. 2003) (injunctive relief was improper because "[t]o establish irreparable harm, the injury alleged must be one requiring a remedy of more than mere money damages," and "[t]he only relief sought by the Speaker Plaintiffs is payment of the honoraria they were promised"); *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (affirming denial of injunctive relief, in part, because there was no irreparable

harm from purely economic injury); *see also Gardner v. Weisman*, No. 06 Civ. 5998 (WHP), 2006 WL 2423376, at *1 (Aug. 21, 2006) (Pauley, J.) (petitioners failed to show irreparable harm from defendant's marketing and selling properties where money damages would be sufficient, even where sale of property would dissolve partnership). Accordingly, Ironridge respectfully requests that the Court immediately lift the TRO issued on June 3.

If the Court is not inclined to lift the TRO, Ironridge respectfully requests that it clarify that such TRO does not apply to the June 3 Conversion Notice, which seeks conversion of an additional 50 shares of Series A Preference Shares. Under the terms of Sections I.C and I.G.1 of the Certificate, NewLead was required, at its election, to either deliver 1,250,000 shares of common stock or pay $962,027.50 in cash, by June 4.[1] NewLead did neither and did not even provide a response.

Accordingly, NewLead is apparently relying on the Court's limited TRO as a basis to breach the Agreement by refusing to honor the June 3 Conversion Notice. As described above, while there was formerly a dispute as to whether NewLead could *change* its election to issue shares pursuant to the April Conversion Notices (which has now been mooted), there can be no dispute that NewLead has to elect to *either* issue shares *or* pay cash in response to new conversion notices. As a result, Ironridge respectfully requests that the Court clarify its limited TRO that Ironridge is not enjoined from issuing new conversion notices and that NewLead must honor them by either issuing shares or paying cash pursuant to the terms of Paragraphs I.C. and I.G.1 of the Certificate.

We are available for a conference any time today.

Respectfully submitted,

Robert A. Fumerton

cc: All Counsel (via e-mail)

---

[1] Pursuant to the June 3 Conversion Notice and the formulas contained in Paragraph I.C of the Certificate, in the event that NewLead elects to issue shares, it is obligated to issue a minimum of 3,051,666 shares. Only 1,250,000 of those shares are due now, however, due to the parties' agreed-upon 9.99% blocker. *See* Certificate, Section I.G.7; Agreement, Section IV.H(ii)(a).

# EXHIBIT A

**From:** Keith Coulston [kcoulston@ironridgeglobal.com]
**To:** 'ABertsos@newleadholdings.com'; EGerouki@newleadholdings.com
**Subject:** RE: Ironridge Conversion
**Date:** 6/3/2014 10:57:33 PM
**CC:** Mason, Todd (Todd.Mason@thompsonhine.com); MZolotas@newleadholdings.com; John C. Kirkland; Brendan ONeil; DeGregorio, Heather (Heather.DeGregorio@thompsonhine.com) (Heather.DeGregorio@thompsonhine.com); Eleutheria Savvidaki (legal@newleadship.com) (legal@newleadship.com); Fumerton, Robert A (NYC); Cohen, Julie E (NYC)
**BCC:**

**Message:**
Antonis and Elisa,

Attached please find a new Conversion Notice of 50 Preference Shares from Ironridge.

Please ensure that the Transfer Agent has the paperwork, as well as the letter authorizing sufficient shares for the issuance and is ready to complete the DWAC of 1,250,000 shares by Wednesday morning.

Let me know if you have any questions.

Best,

**Keith Coulston**
Director
Ironridge Global Partners, LLC.
100 Spear St, Suite 320
San Francisco, CA 94105
(O) 415 658-9551
(M) 415 847-7750
kcoulston@ironridgeglobal.com

**Attachments:**
image001.png
060314 NEWL Share Request for 06-03-14 Conversion 50 Pref Shares.pdf

**NEWLEAD HOLDINGS LTD.**
**CONVERSION NOTICE**

Reference is made to the Series A Preference Shares (the "**Preference Stock**") issued to Ironridge Glboal IV, Ltd., a British Virgin Islands business company, by NewLead Holdings, Ltd., a Bermuda Company (the "**Company**"). In accordance with and pursuant to the Certificate of Designation for the Preference Stock, the undersigned hereby elects to convert the number of Preference Stock shares indicated below into Common Shares (the "**Common Stock**"), of the Company, as of the date specified below.

*All relevant numbers below have been adjusted for reverse splits of 1 for 10 on 3-6-14 and 1 for 50 on 5-15-14*

Date of Conversion: June 3, 2014

Shares of Preference Stock to be converted: 50 ($500,000.00)

Conversion Price: $500.00

Number of shares of Common Stock to be issued for conversion: 1,000

Minimum Relevant Derivative Rate (Subject to adjustment): 27.4865% (based on Closing Price of $10.74 on 4/22/14)

Minimum Embedded Dividend Liability (EDL) Amount (Cash): $962,027.50

Minimum VWAP or Closing Price in Measuring Period: $0.371 (Closing Price on 05/15/14)

Minimum EDL price per share (85% of VWAP or Closing Price): $0.31535

Minimum Number of shares of Common Stock to be issued for EDL: 3,050,666

Minimum Total shares of Common Stock to be issued for conversion: 3,051,666

Shares of Common Stock previously delivered under this conversion: 0

Shares of Common Stock to be issued now due to 9.99% blocker: 1,250,000

Please issue the Common Stock being converted via DWAC in the following name and to the following broker:

| | |
|---|---|
| Issue to: | Ironridge Global IV, Ltd. |
| Broker: | Caledonian Bank Limited |
| Address: | Caledonian House, 69 Dr. Roy's Drive<br>Grand Cayman KY1-1102, Cayman Islands |
| Account #: | 1013024608 |
| DTC# | 2697 |
| Contact: | Alicia Dixon |

If electing to pay EDL in cash, please send cash via wire transfer in the following name and to the following bank account:

**Correspondent Bank:**
Bank of New York
1 Wall Street
New York, NY 10286
ABA #: 021-0000-18
SWIFT: IRVTUS3N

**Beneficiary Bank:**
Caledonian Bank Limited
Caledonian House, 69 Dr. Roy's Drive
Grand Cayman KYl-1102
Cayman Islands
Account #: 89-000-50977
SWIFT: CBTLKYKY

**For Final Credit:**
Ironridge Global IV, Ltd.
Account #: 0201420310783001

# EXHIBIT B

**From:** De Palma, Richard [Richard.DePalma@thompsonhine.com]
**To:** Fumerton, Robert A (NYC); Cohen, Julie E (NYC)
**Subject:** RE: NewLead Holdings, Ltd. v. Ironridge Global IV, Ltd.
**Date:** 6/5/2014 11:57:37 AM
**CC:** Mason, Todd; Mathieu, Emily; Charme, David; Kazan, Barry; McElhenny, Shaun
**BCC:**

**Message:**
FOR SETTLEMENT PURPOSES ONLY – ALL RIGHTS RESERVED

Rob,

I have had a chance to consult with my client with respect to the issue you raised in your voicemail and during our discussion.

NewLead's position is it made a valid election as of May 27 to pay dividends and embedded dividend liability in cash rather than Common Shares. We have also taken the position that that election is retroactive (which we will debate in the arbitration) but that is not at issue in the proceedings before Judge Pauley.

NewLead is willing to accept Ironridge's agreement to accept NewLead's election as of May 27, or as of the issuance of the TRO, without prejudice, but NewLead is not willing to make any such payment to Ironridge at this time. As stated in our notice, NewLead intends to have the arbitrator make a determination as to the merit of the parties claims against eachother, including NewLead's claims for breach of contract, fraud and set off.

Thus, if Ironridge is willing to accept the election without prejudice pending the outcome of the arbitration, and is willing to cease attempting to have further shares issued in connection with dividend and embedded dividend liability, we should speak further. However, NewLead is not willing to make any payment to Ironridge at this time and reserves all rights in the proceedings before Judge Pauley and in the arbitration.

**Richard De Palma** | Partner | **Thompson Hine LLP**
335 Madison Avenue, 12th Floor | New York, New York 10017-4611
**Office:** 212.908.3969 | **Mobile:** 646.483.4076
**Fax:** 212.344.6101 | **Email:** richard.depalma@ThompsonHine.com
**Web:** http://www.ThompsonHine.com

**Celebrating 100 years of client service excellence.**

Atlanta | Cincinnati | Cleveland | Columbus | Dayton | New York | Washington, D.C.

Please consider the environment before printing
This message may contain confidential and/or privileged information. This information is intended to be read only by the individual or entity to whom it is addressed. If you are not the intended recipient, you are on notice that any review, disclosure, copying, distribution or use of the contents of this message is strictly prohibited and no waiver of any privilege shall occur. If you have received this message in error, please notify the sender immediately and delete or destroy any copy of this message.

---

**From:** Fumerton, Robert A [mailto:Robert.Fumerton@skadden.com]
**Sent:** Tuesday, June 03, 2014 3:05 PM
**To:** De Palma, Richard; Cohen, Julie E
**Cc:** Mason, Todd; Mathieu, Emily; Charme, David
**Subject:** RE: NewLead Holdings, Ltd. v. Ironridge Global IV, Ltd.

Richard – while reserving all rights, we will see you in Court this afternoon. We will make our best efforts to get there at 4 pm but if we are a few minutes late please advise the Court that we intend to appear.

---

**From:** De Palma, Richard [mailto:Richard.DePalma@thompsonhine.com]
**Sent:** Tuesday, June 03, 2014 2:15 PM
**To:** Cohen, Julie E (NYC); Fumerton, Robert A (NYC)
**Cc:** Mason, Todd; Mathieu, Emily; Charme, David
**Subject:** NewLead Holdings, Ltd. v. Ironridge Global IV, Ltd.

Counsel,

Please be advised that NewLead has commenced a proceeding in the United States District Court for the Southern District of New York seeking an injunction and TRO in aid of the pending arbitration before JAMS International.

The case has been assigned to Judge Pauley.

We have presented the attached papers which seek, among other things, a TRO (by Order to Show Cause) enjoining Ironridge from further converting Preference Shares and from being issued further Common Shares, all pending the outcome of the Arbitration proceeding.

**Judge Pauley has advised us to appear TODAY, June 3, 2014, for the TRO application at 4 pm, at the Courthouse.**

**This constitutes notice of the application.**

**Richard De Palma** | Partner | **Thompson Hine LLP**
335 Madison Avenue, 12th Floor | New York, New York 10017-4611
**Office:** 212.908.3969 | **Mobile:** 646.483.4076
**Fax:** 212.344.6101 | **Email:** richard.depalma@ThompsonHine.com
**Web:** http://www.ThompsonHine.com

**Celebrating 100 years of client service excellence.**

Atlanta | Cincinnati | Cleveland | Columbus | Dayton | New York | Washington, D.C.

Please consider the environment before printing
This message may contain confidential and/or privileged information. This information is intended to be read only by the individual or entity to whom it is addressed. If you are not the intended recipient, you are on notice that any review, disclosure, copying, distribution or use of the contents of this message is strictly prohibited and no waiver of any privilege shall occur. If you have received this message in error, please notify the sender immediately and delete or destroy any copy of this message.

---

*****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
*****************************************************
*****************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*****************************************************
==============================================================================

**Attachments:**
image001.jpg